Filed 10/10/25  P. v. Montes CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088875 |
| Plaintiff and Respondent, | (Super. Ct. No. BF173257A) |
| v. | |
| ERMILO GARCIA MONTES, | **OPINION** |
| Defendant and Appellant. | |

<u>**THE COURT**</u>\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

## INTRODUCTION

Defendant Ermilo Garcia Montes stands convicted of three counts of lewd or lascivious acts committed against two victims under the age of 14 years: Penal Code section 288, subdivision (a) (section 288(a); counts 1, 2);[1] section 288, subdivision (b)(1) (section 288(b)(1); count 3). The jury also found true special allegations that these crimes were qualifying offenses under section 667.61, subdivision (c) (section 667.61(c)), of the One Strike law with a multiple-victim aggravating circumstance alleged as to each count under section 667.61, subdivision (e) (section 667.61(e)). Defendant was originally sentenced to three consecutive terms of 25 years to life under section 667.61, subdivision (j)(2) (section 667.61(j)(2)). In resolving defendant's first appeal, we ultimately vacated the judgment and remanded for resentencing; defendant was resentenced on October 30, 2024, to three consecutive terms of 15 years to life under section 667.61, subdivision (b).

After resentencing, defendant filed a notice of appeal again, challenging the resentencing and requesting court-appointed counsel. Counsel was appointed to represent him on appeal, and filed a *Wende*[2] brief. Defendant was afforded an opportunity to raise any issues on his own, but has not done so. We have independently reviewed the entire record. Other than clerical errors in the abstract of judgment, we find no arguable issues that could result in a disposition more favorable to defendant, and we affirm the judgment.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

# BACKGROUND

## I.      Factual Background

The factual background is drawn from our nonpublished opinion on defendant's first appeal.[3]

"Jane 1 and Jane 2, both minors under the age of 14 years at the time of the offenses, accused defendant, their mother's live-in boyfriend, of touching them inappropriately.  The girls' mother called the police on May 18, 2018, and Kern County Sheriff's Deputies responded around 11:00 p.m.  Once at the house, deputies recorded separate interviews with defendant and the girls.

"Both girls told the interviewing deputy that defendant had touched them on several occasions.  Jane 1 indicated defendant had touched her 'boobs' and her vaginal area, both on top of and underneath her clothing.  Jane 2 reported he had touched her 'upper chest' through her clothing on several occasions, beginning the previous year and ending a few weeks before the deputy questioned her.

"Defendant told the interviewing deputy he was aware of what the girls were complaining about, but he denied touching them sexually or inappropriately.  Defendant described how the girls had touched his penis on occasions when they slept in the same bed with their mother and defendant.  Defendant admitted Jane 2 had given him a note, which asked him to stop touching them, but he did not understand the note because he had never touched them, and he ripped up the note because it 'wasn't important.'

"Jane 1 and Jane 2 were interviewed by a social worker on May 23, 2018, in recorded sessions, and the girls gave generally consistent statements about how defendant had touched them inappropriately.  Thereafter, defendant was charged with three counts of lewd or lascivious acts committed against a child under the age of 14 years pursuant to section 288.  Count 1 related to Jane 2, and alleged a nonforcible lewd or lascivious act

---

**3**      *People v. Montes* (July 30, 2024, F078875) (nonpub. opn.).

under section 288(a); count 2 related to Jane 1, and alleged a nonforcible lewd or lascivious act under section 288(a); count 3 related to Jane 1, and alleged a forcible lewd or lascivious act under section 288(b)(1). Special allegations under the One Strike law accompanied each count, alleging defendant had committed qualifying offenses under section 667.61(c) with multiple victims within the meaning of section 667.61(e).

"At defendant's trial in January 2019, the recorded interviews of Jane 1 and Jane 2 conducted with the deputies and with the social worker were played for the jury, as was defendant's recorded interview with a deputy. Jane 1 and Jane 2 also testified. Jane 1 testified defendant had touched her boobs, squeezed them and licked them, and put his fingers into her vagina. In another incident, he showed her his 'private parts,' which he made her touch underneath his clothing. She saw his penis, and he made her squeeze it and made her mouth touch it by pushing her head down. Jane 1 demonstrated what he had done by putting her left hand on the back of her head and pushing it forward.

"Jane 2 identified defendant as her stepdad and that he had lived with them. She testified defendant had touched her inappropriately about five times when she was 10 years old. He used to call her to his room so he could touch her. During at least one of those times, he touched her breasts over her clothing. She eventually found out defendant was touching Jane 1, too. Before Jane 2 told her mom, she and Jane 1 wrote a letter to defendant telling him to stop doing those things and to start respecting them. When the girls gave the letter to defendant, he just smiled and laughed and did not pay attention. He touched Jane 2 again after they wrote the letter to him. The girls later separately told their mother what was happening.

"The prosecution called the interviewing deputies to testify as well as the lead investigating deputy. The girls' mother also testified about how and when the girls told her about defendant touching them, and why and how long she delayed before contacting the police. Defendant did not testify or present any evidence at trial.

"The jury convicted defendant on all three counts and found true the multiple-victim circumstance allegations under the One Strike law. The court sentenced defendant to three consecutive 25-year-to-life terms under section 667.61(j)(2), and imposed various fines, fees and assessments."

## II.      Procedural Background

In his first appeal, defendant presented several arguments, including that the information did not provide him with constitutionally sufficient notice of the 25-year-to-life sentence applicable to each of his convictions under the One Strike law because the charging document did not reference section 667.61(j)(2). Pursuant to the California Supreme Court's decision in *In re Vaquera* (2024) 15 Cal.5th 706, our original decision regarding defendant's appeal was vacated, and we were directed to reconsider the appeal in light of *Vaquera*. In doing so, we concluded defendant's due process right to fair notice was prejudicially violated because defendant did not receive timely notice the prosecution was seeking the greater One Strike sentence under section 667.61(j)(2) with respect to each count. We also concluded resentencing was necessary so that defendant could present his inability-to-pay claim under *Duenas*.

Upon remand, the trial court held a resentencing hearing on October 30, 2024. Defense counsel requested the court sentence him to concurrent, rather than consecutive terms on each count. Counsel also argued defendant was unable to pay his fines, fees and penalties: he had only a sixth grade education; he was struggling with injuries; and, although he had asked for a prison job, prison officials would not give him one. As a result, he had no ability to pay any of the fines, fees or penalties. Defense counsel also noted defendant's birthdate had been incorrectly indicated in certain documents and wanted it noted for the record.

The trial court imposed three consecutive terms of 15 years to life for counts 1 through 3; the court ordered restitution under section 1202.4, subdivision (f), in an amount to be determined by the probation department. As to each count, the court also

imposed a fine of $300 under section 290.3, subdivision (a), and related penalty assessments of $930;[4] an assessment of $40 under section 1465.8; and an assessment of $30 under Government Code section 70373. The fines, penalties and assessments imposed were converted to 10 days in custody on each count to be served concurrent with the sentence imposed on that count.

The abstract of judgment was amended on June 11, 2025, to properly reflect the conversion of the fines, penalties and assessments to time in custody; the abstract was amended a second time on June 17, 2025, to reflect actual custody credits of 2,261 days.

Defendant appealed again from the resentencing decision, and appointed appellate counsel filed a *Wende* brief requesting that we independently review the entire record. After notice and an opportunity to do so, defendant declined to file his own statement of issues.

## DISCUSSION

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. We have summarized the crimes for which appellant was convicted, and the punishment imposed. (*Id.* at p. 110.)

We find no arguable appellate issues that may result in a disposition more favorable to defendant. (Cal. Const., Art. 6, § 13 ["[n]o judgment shall be set aside, … unless, … the error complaint of has resulted in a miscarriage of justice"]; *People v. Watson* (1956) 46 Cal.2d 818, 836 [error constitutes miscarriage of justice when there is a reasonable probability of a result more favorable to the defendant in the absence of

---

**4** The $930 penalty assessment was imposed as follows: $300 (Pen. Code, § 1464, subd. (a)); $60 (Pen. Code, § 1465.7); $150 (Gov. Code, § 70372, subd. (a)); $210 (Gov. Code, § 76000, subd. (a)); $60 (Gov. Code, § 76000.5); $30 (Gov. Code, § 76104.6); $120 (Gov. Code, § 76104.7).

error].)  The sentencing court imposed an authorized aggregate sentence of 45 years to life under section 667.61(b).  Nothing in the record suggests the court may have prejudicially abused its sentencing discretion.

There are, however, clerical errors in the abstract of judgment that require correction.  First, the abstract of judgment incorrectly lists defendant's birthdate— counsel noted the correct date at the resentencing hearing; defendant's correct birthdate is also reflected in the probation report.  Second, although the abstract of judgment was amended on June 17, 2025, to reflect the correct calculation of actual custody credits as 2,261 days (Aug. 23, 2018 (arrest) to Oct, 30, 2024 (resentencing)), the amendment of *only* that portion of the credits created a new clerical error because the total number of credits listed on the abstract was not updated.  Specifically, the amended abstract of judgment reflects that defendant earned 2,261 actual custody credits plus 26 days of local conduct credit for a total of 2,286 total custody credit days.  The total credits should be 2,287 (2,261 + 26) rather than 2,286 as indicated.  Finally, at item 8 of the abstract of judgment, it should be marked that defendant was sentenced pursuant to section 667.61.

Accordingly, we will direct the trial court to correct the abstract of judgment in these regards, and to issue an amended abstract.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts may correct clerical errors in an abstract of judgment].)

## DISPOSITION

The court's judgment is affirmed.  The trial court shall issue an amended abstract of judgment consistent with this opinion, and shall serve it on the appropriate authorities.